```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**DENISEYU HATCHER, ET. AL.**                               CIVIL ACTION

**VERSUS**                                                  NO. 17-10853

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO., ET. AL.**                         SECTION "B"(5)

                          <u>ORDER AND REASONS</u>

   Before the Court is Plaintiffs, Deniseyu Hatcher and Stacy Hatcher's (collectively "Plaintiffs"), Motion to Remand to State Court (Rec. Doc. 3), and Defendants, Daniel Okabayashi and State Farm Automobile Insurance Company's (collectively "Defendants"), Response in Opposition (Rec. Doc. 4). Accordingly,

   **IT IS ORDERED** that the Plaintiffs' Motion to Remand (Rec. Doc. 3) is **GRANTED; <u>provided</u>** Plaintiffs execute binding, irrevocable stipulations under oath renouncing any rights to seek or accept any judgment in excess of $75,000. **Plaintiffs shall file the stipulations by no later than December 22, 2017**. While Plaintiffs' pre-removal selection of a judicial forum where jurisdictional limits are below the federal diversity jurisdictional amount of $75,000, Defendants correctly note that without the latter stipulations Plaintiffs could seek transfer of their city court action to the state district court in order to be in a state forum with higher jurisdictional limits.

**FACTS AND PROCEDURAL HISTORY**
   This case emanates from an automobile collision on September 30, 2016, while the parties were traversing highway I-10 East near the

                                  1

Claiborne Avenue exit. Rec. Doc. 4-1. Plaintiffs allege that Defendant Daniel Okabayashi ("Defendant Okabayashi") changed lanes suddenly and improperly, striking Plaintiffs' vehicle. *Id*. Plaintiffs each allege personal injuries to their neck and back. Rec. Doc. 3-1. While Plaintiffs do not allege a specific dollar amount (*See* Rec. Doc. 4 at 5; Rec. Doc. 4-1) the First City Court petition seeks the following damages:

A. Past and future physical pain and suffering;
B. Past and future mental anguish;
C. Medical expenses, past and future;
D. Lost wages and loss of earning capacity;
E. Property damage and/or property damage deductible;
F. Loss of use of vehicle;
G. Rental car expenses; and
H. Any and all other damages which will be proved at the trial; thereof.

Rec. Doc. 1-2.

Plaintiffs filed their petition in state court on August 21, 2017; and on October 19, 2017, Defendant Okabayashi removed to federal court. Rec. Doc. 3-1. Plaintiffs' instant motion seeks remand of this case back to the First City Court for the Parish of Orleans.

**LAW AND ANALYSIS**

**Removal**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction

exists and that removal was proper." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Ambiguities are to be construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**Amount in Controversy**

Under Fifth Circuit precedent, the burden of a defendant removing based on 28 U.S.C. § 1332 to show that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages, as this figure will generally control. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When a defendant is removing from a Louisiana state court, where the plaintiff is not permitted to plead a specific amount of money damages, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.; see also De Aguilar*, 47 F.3d at 1412. The defendant does this by either showing that it is 1) facially apparent that the plaintiff's claims exceed the

3

jurisdictional amount or by 2) setting forth "facts in controversy" supporting a finding that the amount in controversy is greater than $75,000. *Allen*, 63 F.3d at 1335. Removal, however, cannot be based simply upon conclusory allegations. *Id*.

In *Simon*, the Fifth Circuit found that it was "not facially apparent" that the amount in controversy would exceed $75,000, where the plaintiff alleged "with little specificity," damages from "less severe physical injuries" including: an injured shoulder, bruises, abrasions, unidentified medical expenses, plus loss of consortium for plaintiff's husband. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).

By contrast, in *Gebbia* the plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Fifth Circuit found jurisdiction was "facially apparent" where she alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. *Id*.

Here, taking Plaintiffs' claims in the state court petition as they existed at the time of removal, it is **not** facially apparent that the amount in controversy is greater than $75,000 for each plaintiff. While the petition lacks the preferred specificity of Plaintiffs' alleged injuries, Plaintiffs have only alleged "neck and lower back" pain. Louisiana law prohibits plaintiffs from petitioning for a

4

specific monetary amount. *See* La.Code Civ. P. art. 893(A)(1). As a result, we cannot look to the state court petition in this instance. Nevertheless, Plaintiffs elected to file in the First City Court—where jurisdiction is limited to civil lawsuits with claims up to $25,000—as opposed to a court with general jurisdiction. "Because the plaintiff is deemed the master of his or her complaint, if the state court pleading asks for less than the applicable federal amount in controversy, subject matter jurisdiction generally is absent even though the underlying claim actually may be of a value exceeding the statutory minimum." *See Allen,* 63 F.3d at 1335 (5th Cir. 1995)("Thus, in the typical diversity case, the plaintiff remains the master of his complaint."); *see also* § 3702.1 Determination of the Amount in Controversy—Cases Removed from State Court, 14AA Fed. Prac. & Proc. Juris. § 3702.1 (4th ed.).

Further, the only proof offered by Defendants in fulfillment of their burden for removal are the results of Plaintiffs' lumbar MRIs. Rec. Doc. 4 at 2.[1] Defendants' attempt to use the MRI's to insinuate the amount in controversy is over $75,000 is insufficient; especially where Defendants object to the medical causation of said MRI's. Rec. Doc. 4 at 3. "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen,* 63 F.3d at 1336 (5th Cir. 1995).

---

[1] *See* Exhibit #2 MRI result for Deniseyu Hatcher; Exhibit #3 MRI results for Stacy Hatcher.

Defendants cannot use the MRI results as "facts in controversy" to support their contentions that the amount in controversy is over $75,000 for purposes removal, yet simultaneously argue that the same MRI results are not causally related to the accident in controversy.

**Pre-Removal**

Notwithstanding the above, we find Defendants are correct in their contention that Plaintiffs may "simply amend or supplement their petition and have this matter transferred to the District Court where damages are not capped." Rec. Doc. 4 at 4. Louisiana law is clear that "a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." La.Code Civ. Proc. art. 862; *Levith v. State Farm Fire & Cas. Co.*, No. CIV A 06-2785, 2006 WL 2947906, at *2 (E.D. La. Oct. 11, 2006). As a result, Plaintiffs motion for remand is **GRANTED**, **provided** each Plaintiff renounces his or her right to receive a judgment in excess of $75,000 dollars, with a binding stipulation. **Plaintiff shall file signed stipulations no later than December 22, 2017.**

New Orleans, Louisiana, this 12th day of December, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

6